IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terry Scott Griffin, | ) | C/A No. 8:26-cv-01195-JDA-KFM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| USDA Rural Development, Rosemary Busbee, Bryan Jordan, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on the plaintiff's motion for a temporary restraining order ("TRO") (doc. 6). This action was removed to this court by the defendants on March 20, 2026 (doc. 1).[1] The plaintiff, proceeding *pro se*, brought this action regarding a mortgage dispute involving a property located at 229 Lodge Road, Pendleton, South Carolina ("the Subject Property") (doc. 1-1 at 2–8). Pursuant to the provisions of 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under 42 U.S.C. § 1983 and submit findings and recommendations to the district judge.

As noted, after the instant matter was removed to this court, the plaintiff filed a motion for a TRO seeking to stay any foreclosure proceedings involving the Subject Property (doc. 6). On April 7, 2026, the defendants filed a response in opposition to the plaintiff's motion (doc. 14). As such, the motion is now ripe for review. As addressed below, the undersigned recommends that the plaintiff's motion be denied.

---

[1]There are other motions pending in this case that will be addressed when fully briefed: a motion to remand filed by the plaintiff (doc. 5); motion to dismiss filed by the defendants (doc. 7); and motion to stay foreclosure proceedings and remand filed by the plaintiff (doc. 8).

A plaintiff seeking a TRO must establish all four of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d 342, 346–47 (4th Cir. 2009), *vacated on other grounds by* 559 U.S. 1089 (2010), *reinstated in relevant part on remand by* 607 F.3d 355 (4th Cir. 2010). A plaintiff must make a clear showing that he is likely to succeed on the merits of his claim. *Winter*, 555 U.S. at 22; *Real Truth*, 575 F.3d at 345–46. Similarly, he must make a clear showing that he is likely to be irreparably harmed absent injunctive relief. *Winter*, 555 U.S. at 20–23; *Real Truth*, 575 F.3d at 347. Only then may the court consider whether the balance of equities tips in the plaintiff's favor. *See Real Truth*, 575 F.3d at 346–47. Finally, the court must pay particular regard to the public consequences of employing the extraordinary relief of injunction. *Real Truth*, 575 F.3d at 347 (quoting *Winter*, 555 U.S. at 24).

The plaintiff's motion for a TRO should be denied because he has not shown that he is likely to succeed on the merits of his claim. For example, as argued by the defendants, the plaintiff's action appears subject to dismissal for failure to exhaust, because the plaintiff admits that he has not received a final adjudication from the appeals process with the United States Department of Agriculture ("USDA") (doc. 6 at 3). *See Gold Dollar Warehouse, Inc. v. Glickman* 211 F.3d 93, 98 (4th Cir. 2000) (noting that parties are required by statute to exhaust available administrative remedies before civil actions could be brought against the USDA (citing 7 U.S.C. § 6912(e)). Further, the plaintiff's claims do not show a likelihood of success on the merits. The plaintiff's complaint lists seven causes of action, but only five actual claims for relief (*see* doc. 1-1 at 4–6 (listing causes of actions of negligent and/or fraudulent loan origination; fraud and intentional misrepresentation; violation of 18 U.S.C. § 1001; civil conspiracy; declaratory relief and/or rescission;

damages; South Carolina Unfair Trade Practices Act ("SCUTPA")).  For example, any claims brought by the plaintiff involving loan origination issues, as addressed above, appear to be subject to dismissal because the plaintiff has not yet received a determination on his appeal to the National Appeals Divison ("NAD") of the USDA regarding his challenge to the mortgage on the Subject Property (*see* doc. 6 at 3).  The plaintiff's claims also appear barred by sovereign immunity.  The Federal Tort Claims Act ("FTCA") provides certain instances where the United States has waived sovereign immunity to allow civil suits.  28 U.S.C. § 1346.  However, FTCA claims can only lie against the United States – not its agencies or employees (as named in this action).  *Hui v. Castaneda*, 559 U.S. 799, 805–06 (2010).  Further, there is no indication the plaintiff exhausted his administrative remedies under the FTCA to bring the claims alleged in this action – which is a different process than the administrative exhaustion process required by the USDA – and failure to exhaust under the FTCA deprives the court of subject matter jurisdiction over any such claims.  *Plyler v. United States*, 900 F.2d 41, 42 (4th Cir. 1990).  Thus, the plaintiff has failed to show a likelihood of success on the merits of his claims for purposes of his request for issuance of a TRO.  In addition to the foregoing, the plaintiff's fraud claims do not meet the heightened pleading standard required for fraud claims.  *See* Fed. R. Civ. P. 9 (requiring a higher pleading standard for fraud claims and noting that fraud claims must be stated *with particularity* (emphasis added)).  The elements of fraud include:  (1) a representation; (2) its falsity; (3) its materiality; (4) knowledge of its falsity or a reckless disregard for its truth or falsity; (5) intent that the plaintiff act upon the representation; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.  *See McLaughlin v. Williams*, 665 S.E.2d 667, 670 (S.C. Ct. App. 2008)).  The plaintiff's vague assertions of fraudulent statements and coercions by the defendants (and a realtor who is not a party to this action) regarding a government shutdown, that funds had been obligated, and that there was money owed

for an appraisal on one property are insufficient to meet the heightened pleading requirement.  Indeed, the plaintiff has not alleged many of the necessary elements for a fraud claim, meaning that he has not shown a likelihood of success on the merits for that claim.  Similarly, the plaintiff's reliance on a federal criminal statute, 18 U.S.C. § 1001, fails to show a likelihood of success on the merits because he may not enforce federal criminal law and there is no private right of action created by this criminal statute.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (private citizens may not enforce federal criminal law and lacks a judicially cognizable interest in the prosecution or nonprosecution of another); *Fed. Sav. and Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137–38 (4th Cir. 1987) (finding that 18 U.S.C. § 1001 does not confer a civil cause of action).  Accordingly, the plaintiff has not shown a likelihood of success on the merits.

The plaintiff has also failed to show irreparable harm absent injunctive relief.  The plaintiff alleges irreparable harm based on imminent foreclosure and the loss of the Subject Property and based on emotional distress (doc. 6 at 2).  The threatened loss of one's house because of a pending foreclosure *can* constitute an irreparable injury in certain circumstances, *Stanfield v. CitiMortgage, Inc.*, C/A No. 2:09-cv-02711-MBS-RSC, 2009 WL 4507003, at *1 (D.S.C. Dec. 2, 2009).  However,  irreparable harm can neither be "remote nor speculative, but actual and imminent."  *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (internal quotation marks and citation omitted).  The plaintiff's conclusory assertions of impending foreclosure do not meet that standard.  Indeed, the plaintiff has failed to identify any pending foreclosure action, meaning that his assertion of imminent foreclosure is speculative at best.  Further, the plaintiff's passing assertion of emotional distress similarly does not satisfy the irreparable harm standard.  Accordingly, the plaintiff has failed to show a likelihood of success on the merits and irreparable harm.  Accordingly, based on the foregoing, the plaintiff's motion should be denied.

## **RECOMMENDATION**

Based upon the foregoing, the plaintiff's motion for a temporary restraining order (doc. 6) should be denied.

**IT IS SO RECOMMENDED**.

s/Kevin F. McDonald
United States Magistrate Judge

April 24, 2026
Greenville, South Carolina

**The attention of the parties is directed to the important notice on the next page.**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
250 East North Street, Room 2300
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).