IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Terry Scott Griffin,<br><br>Plaintiff,<br><br>v.<br><br>Rosemary Busbee, *Loan Originator Official Capacity*; Bryan Jordan, *Loan Originator Official Capacity*; United States of America, *by and through its agency, Department of Agricultural Rural Housing Service*,<br><br>Defendants. | ) | Case No. 8:26-cv-01195-JDA-KFM<br><br>**OPINION AND ORDER** |

This matter is before the Court on Plaintiff's motion to remand, emergency motion for stay and to remand, and motion for extension of time. [Docs. 5; 8; 46.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Kevin F. McDonald for pre-trial proceedings.

On August 11, 2026, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Plaintiff's motion to remand and emergency motion for stay and to remand be denied. [Doc. 43.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id*. at 8.] Plaintiff filed objections to the Report on August 31, 2026.[1] [Doc. 46.]

[1] Plaintiff's filing seeks multiple forms of relief in addition to objecting to the Report. [Doc. 46.] It includes a motion for an immediate stay of all procedural deadlines, particularly the September 1, 2026, deadline for filing an amended complaint, arguing that this deadline "inflicts irreparable harm on Plaintiff's civil rights" given his medical incapacity, technological barriers, inaccessible evidence, and institutional inaction. [*Id.* at

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

As noted, the Report recommends denying Plaintiff's motion to remand and emergency motion for stay and to remand. [Doc. 43.] In his objections, Plaintiff objects only to the Magistrate Judge's requirement that Plaintiff file an amended complaint by September 1, 2026, and he does not object to the recommendation that his motions to remand and to stay be denied. [*See generally* Doc. 46.] Plaintiff asks the Court to allow him 30 to 60 days from its ruling to file an amended complaint. [*Id.* at 5.] However, as noted, the Magistrate Judge has since granted that relief, and, accordingly, this request is now moot.

---

1–2.] It also contains Plaintiff's objections to the Report and a motion for extension of time to file an amended complaint. [*Id.* at 4–5.] Since this filing, the Magistrate Judge stayed this case for 90 days and extended the deadline for Plaintiff to file an amended complaint until January 4, 2027. [Doc. 61.] Accordingly, Plaintiff's requests to stay and/or extend deadlines are now moot.

The Court concludes that Plaintiff's objections, liberally construed, fail to address the Report's findings and recommendations regarding Plaintiff's motions to remand and to stay. Nevertheless, out of an abundance of caution for the pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge regarding Plaintiff's motions to remand and to stay and incorporates it by reference to the extent consistent with this Opinion and Order. Accordingly, Plaintiff's motion to remand [Doc. 5] is DENIED, and Plaintiff's emergency motion to stay foreclosure proceedings and to remand [Doc. 8] is DENIED. Additionally, Plaintiff's motion for extension of time [Doc. 46] is FOUND AS MOOT. As the Magistrate Judge ordered, by January 4, 2027, Plaintiff shall file a motion to amend and a proposed amended complaint.[2]

IT IS SO ORDERED.

s/Jacquelyn D. Austin
United States District Judge

November 10, 2026
Greenville, South Carolina

**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] If Plaintiff is allowed to amend the Complaint, and an amended complaint is filed, the pending motion to dismiss will be rendered moot. *See McCoy v. City of Columbia*, No. 3:10-132-JFA-JRM, 2010 WL 3447476, at *1–2 (D.S.C. Aug. 31, 2010) (finding as moot a motion to dismiss because an amended complaint superseded the original complaint and rendered any attack upon it moot).